UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

**VIDAL**,

                                  **Plaintiff,**

                    *- against -*

**VENETTOZZI, ET AL.**,

                                  **Defendants.**

Copies mailed to Plaintiff by
Chambers of Judge Davison
February 7, 2022

18 Civ. 6184 (NSR)(PED)

**ORDER**

**PAUL E. DAVISON, U.S.M.J.:**

      Plaintiff *pro se* moves for appointment of *pro bono* counsel. [Dkts. 75-76.]

      Because Plaintiff has been granted leave to proceed *in forma pauperis* (Dkt. 4), I accept Plaintiff's representation that he is unable to afford counsel.

      Even indigent plaintiffs have no "right" to counsel in civil cases, however, so applications for pro bono counsel in such cases are addressed to the court's discretion. Burgos v. Hopkins, 14 F.3d 787, 789 (2d Cir. 1994). The Court of Appeals has stressed that such applications should not be granted indiscriminately, because volunteer lawyers are a "precious commodity." Cooper v. Sargenti, 877 F.2d 170, 172 (2d Cir. 1989). Accordingly, the district court is directed to screen such applications first by evaluating the applicant's likelihood of success on the merits. Id. If the court concludes that the applicant's claims meet this threshold requirement, then the court is to consider secondary criteria such as "plaintiff's ability to obtain representation independently, and his ability to handle the case without assistance in light of the required factual investigation, the complexity of the legal issues, and the need for expertly-conducted cross-examination to test veracity." Id. Even if the Court concludes that *pro bono* counsel is warranted, moreover, the Court can only refer the case to volunteer counsel who may or may not choose to participate.

      Here, Plaintiff asserts claims which have survived a motion to dismiss, suggesting that Plaintiff's claims may have substance. I find, however, that Plaintiff is a rather proficient *pro se* litigant who is, relatively speaking, capable of navigating legal issues without the assistance of counsel. Indeed, it appears that Plaintiff's request is motivated by his dissatisfaction with discovery responses he has received, which is not a basis to appoint *pro bono* counsel. Plaintiff also seeks *pro bono* counsel in order to access counsel's resources to conduct depositions. In this respect, however, Plaintiff is in the same situation as virtually all incarcerated *pro se* litigants, and the Court declines to refer this case for *pro bono* counsel on that basis.

      Accordingly, Plaintiff's motion is **DENIED WITHOUT PREJUDICE**. The Clerk shall terminate the motion at Dkt. 75.

Dated: February 7, 2022
      White Plains, New York

**SO ORDERED**

_____
Paul E. Davison
United States Magistrate Judge