```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: _7/10/2023_____
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JOSEPH VIDAL,

                        Plaintiff,

-against-

DONALD E VENETTOZI, et al.,

                        Defendants.

No. 18-cv-6184 (NSR)

**OPINION & ORDER**

NELSON S. ROMÁN, United States District Judge:

    Plaintiff Joseph Vidal ("Plaintiff"), an incarcerated *pro se* litigant, commenced this action on July 6, 2018 against Defendants Don E. Venettozzi, Eric Gutwein, Wayne Carrol, and Bryan P. Anspach (collectively, "Defendants"), all current or former employees of the New York State Department of Corrections and Community Supervision ("DOCCS"), pursuant to 42 U.S.C. § 1983. (*See* ECF No. 49 ("Second Amended Complaint" or "SAC")).

    Presently before the Court is Defendants' motion for summary judgment. (ECF No. 95.) For the following reasons, the Court DENIES Defendants' motion without prejudice with leave to refile in accordance with the Court's Local Rules.

**DISCUSSION**

    I.    **Local Rule 56.2 Requirements**

    In the Second Circuit, a district court cannot grant a motion for summary judgment in a case involving a *pro se* litigant unless (1) the court apprises the *pro se* litigant of the consequences of failing to respond to the motion, *see Ruotolo v. IRS*, 28 F.3d 6, 8 (2d Cir.1994); (2) an opposing party has already provided the *pro se* litigant with the requisite notice, *see Champion v. Artuz*, 76

1

F.3d 483, 486 (2d Cir. 1996); or (3) it is clear that the *pro se* litigant understands "the nature and consequences of summary judgment", *see M.B. # 11072–054 v. Reish*, 119 F.3d 230, 232 (2d Cir. 1997). *See Vital v. Interfaith Medical Center*, 168 F.3d 615, 620–21 (2d Cir. 1999) (holding that the failure of the district court to apprise a *pro se* litigant of the consequences of failing to respond to a motion for summary judgment is a ground for reversal). To fulfill this duty, the United States District Courts for the Eastern and Southern Districts of New York adopted Local Rule 56.2 on September 23, 1999.

Local Rule 56.2 provides in relevant part that:

> [a]ny represented party moving for summary judgment against a party proceeding *pro se* shall serve and file as a separate document, together with the papers in support of the motion, the following "Notice To Pro Se Litigant Who Opposes a Motion For Summary Judgment" with the full texts of Fed. R. Civ. P. 56 and Local Civil Rule 56.1 attached. Where the *pro se* party is not the plaintiff, the movant shall amend the form notice as necessary to reflect that fact.

"The notice referred to in the rule advises the *pro se* litigant of the possibility that the complaint may be dismissed and informs the litigant that he or she must submit evidence countering the facts asserted by the defendant and raising issues of fact for trial." *Covello v. Depository Tr. Co.*, 212 F. Supp. 2d 109, 115 (E.D.N.Y. 2002). In short, "the focus of both *Vital* and Local Rule 56.2 is that the *pro se* litigant understands 'the consequences of failing to respond to a motion for summary judgment' and receives notice that 'he must file his own affidavits contradicting his opponent's if he wants to preserve factual issues for trial.'" *Id.* (quoting *Vital*, 168 F.3d at 621).

Notwithstanding, this requirement "should not be understood, however, to set down an unyielding rule prohibiting district courts from acting upon motions for summary judgment sought against *pro se* litigants in the absence of explanatory notice." *Sawyer v. Am. Fedn. of Govt. Employees, AFL-CIO*, 180 F.3d 31, 35 (2d Cir. 1999). "On the contrary, the issue in each case remains whether from all of the circumstances, including the papers filed by the *pro se* litigant, it

is reasonably apparent that the litigant understood the nature of the adversary's summary judgment motion and the consequences of not properly opposing it." *Id.*

Accordingly, the Second Circuit has recognized exceptions to this obligation when the moving party has provided the *pro se* litigant with the requisite notice through other means, *see Artuz*, 76 F.3d at 486, or when the *pro se* litigant responds to the summary judgment motion with factual and legal submissions indicating that he understood the nature and consequences of summary judgment and "the need to set forth all available evidence demonstrating a genuine dispute over material facts," *Reish*, 119 F.3d at 232. *See Sawyer*, 180 F.3d at 34.

**II.     Defendants' failure to file a Local Rule 56.2 Statement**

Here, the record indicates that Defendants failed to serve on *pro se* Plaintiff the required notice and statement under Local Rule 56.2. Though the Notice of Motion asks the court to "PLEASE TAKE NOTICE that upon the accompanying: . . . Rule 56.2 Notice; . . . ," no such notice was filed on the docket, nor does that Court identify such notice in the courtesy copies sent to the Court. Nor have Defendants filed an affidavit and declaration of service reflecting that *pro se* Plaintiff was a served with a Local Rule 56.2 statement.

Moreover, after reviewing the record, the Court concludes that the evidence in the record is unclear as to whether *pro se* Plaintiff understood the nature of a summary judgment motion and his burden in responding to such a motion (*i.e.*, that he must submit evidence countering the facts asserted by Defendants and raising issues of fact for trial). While the docket contains Plaintiff's opposition to Defendants' motion for summary judgment as well as a counter 56.1 statement and his own affidavit, the docket does not contain any of Plaintiff's exhibits in support of his opposition to summary judgment. (*See* ECF Nos. 97, 98, 99) *Cf. Reish*, 110 F.3d at 232 (holding that the *pro se* plaintiff's submissions, including a 27–page declaration of facts with 104 pages of exhibits, a

40-page memorandum of law, a counterstatement of disputed facts, a cross-motion for summary judgment, and a request for further discovery, showed that he "understood the consequences of a summary judgment motion and the requirements of a successful response.").

"[I]n the absence of explicit notice, the mere existence of a response does not automatically give rise to the inference that a *pro se* litigant understood the nature of a summary judgment motion." *Sawyer v. Am. Fedn. of Govt. Employees*, *AFL-CIO*, 180 F.3d 31, 35 (2d Cir. 1999). As the Second Circuit previously noted,

> the concerns that we have expressed regarding *pro se* litigants' understanding of summary judgment are not extinguished by the mere fact that a *pro se* litigant files a response of some sort. Where the proper notice has not been given, the mere fact that the *pro se* litigant has made some response to the motion for summary judgment is not dispositive where neither his response nor other parts of the record reveal that he understood the nature of the summary judgment process.

*Vital*, 168 F.3d at 621.

Because the Court is of the view that the record fails to clearly indicate whether *pro se* Plaintiff understood his burden in responding to Defendants' motion for summary judgment, Defendants' motion is denied without prejudice.

### III. Defendants' failure to file other documents on the docket

The Court notes that it is in receipt of additional exhibits and declarations that are not filed on the docket, despite the Court's direction to file all motion papers on the docket. (*See* ECF No. 94.) The Court is also in receipt of Defendants' 56.1 statement, but such statement was not filed on the docket, despite being directed to do so by the Court. (*See id.*) The Court advises Defendants that they must ensure that all served papers, including *pro se* Plaintiff's papers, are filed in the next round of filings, in compliance with the Court's directives and rules.

**CONCLUSION**

For the foregoing reasons, the Court DENIES Defendants' motion for summary judgment without prejudice with leave to re-file in accordance with the Court's Local Rules.

The Court further SETS the following revised motion schedule: (1) Defendants shall serve (not file) its relevant moving papers in conformity with the mandates of Local Rule 56.2 and certify to the Court via ECF that they have complied with Local Rule 56.2 on or before August 8, 2023; (2) *pro se* Plaintiff shall serve (not file) his opposition papers on or before September 7, 2023; and (3) Defendants shall serve its reply papers on or before September 22, 2023.  Defendants shall further file ***all*** served motion papers (including *pro se* Plaintiff's papers) on the reply date: September 22, 2023. Defendant shall moreover provide the Court with two hard courtesy copies of all motion papers as they are served, as well as an electronic courtesy copy per this Court's local emergency civil rules.

The Clerk of Court is directed to terminate the motion on ECF No. 95, and to mail a copy of this order to *pro se* Plaintiff at his address listed on ECF and to show service on the docket.

Dated: July 10, 2023
       White Plains, NY

SO ORDERED:

HON. NELSON S. ROMAN
UNITED STATES DISTRICT JUDGE